OPINION OF THE COURT
C. Raymond Radican, J.
In this private-placement adoption, custody of the child was *1006 turned over to the adoptive parents by the natural mother in Knoxville, Tennessee. The natural mother executed a waiver and consent and an "Out of Court Consent to Adoption”. She has also executed an affidavit to dispense with her appearance before this court for the purpose of acknowledging and reaffirming her consents. The attorney representing the adoptive parents was informed that the court rules require that the natural mother’s consent must be made before a court of competent jurisdiction. In an affidavit to the court the attorney states that he can no longer locate the natural mother in Tennessee and requests that the court permit the adoption based upon consents and waivers executed in Tennessee.
Since there was no approval from the Interstate Compact Office, in connection with this adoption, the petitioner, as attorney, was directed to serve a citation upon the Deputy Compact Administrator for the Bureau of Child Welfare. As a result of that citation, the court is in receipt of a letter from the deputy counsel for the Bureau of Child Welfare indicating that over the past three years there have been several contacts between the department and the attorney representing the adoptive parents. Furthermore, the letter states that the attorney is aware of the statutory mandates and that it is the position of the deputy counsel that the Interstate Compact was knowingly disregarded. As often happens, children are placed from one compact State into another without observing the compact procedures. As was stated in Matter of Baby E. (104 Misc 2d 185, 193), efforts should be made to prevent this but " 'the most desirable course to follow is often dependent upon reasonable judgment as to the equities’ ”. Rather than leaving this child’s future unsettled and since the natural mother’s whereabouts are unknown, the best interests of the child dictate that the child be permitted to remain with the adoptive parents in Nassau County and that the necessary steps be taken to finalize the adoption.
However, the Bar should recognize that repeated circumvention of the court’s rules cannot persist without sanctions being applied. The court instituted the following guidelines to be followed in private-placement adoptions and republishes them here:
a) the natural mother must be afforded independent counsel from a court-approved panel of attorneys familiar with adoption proceedings if she does not have an attorney of her own;
b) the attorney for the adoptive parents must not be in *1007 volved, either directly or indirectly, in the placement of the child (while the court has already determined that there is no violation of this rule in this case, the matter will be submitted to the Surrogates’ Association for further review);
c) the use of independent search agencies involved in the procurement or placement of children is prohibited;
d) prior approval of expenditures involved in the pregnancy and birth of the child must be obtained from the court; and
e) consents by the natural parent or parents to the proposed adoption must be made before this court or a court of similar jurisdiction in the State where the infant or parents reside.
These rules reflect further and continuing efforts to protect the best interests of children sought to be adopted. Failure to adhere to these rules or those which are set forth in the Interstate Compact on the Placement of Children (Social Services Law § 374-a) may result in a petition for adoption being rejected, the denial or reduction of the attorney’s fee, or civil or criminal sanctions as may be appropriate.
As far as the approval of the attorney’s fee for the adoptive parents is concerned, the court has received the attorney’s affirmation of services which shows 34 Vi hours spent on this matter. The affirmation shows that the adoptive parents’ attorney has already received $2,664 on account and seeks a total fee of $4,000 in accordance with his agreement with petitioners. Among other services, the legal services performed involve conferences with the petitioners, telephone calls with the natural parent and doctors in Tennessee, preparation and review of the legal documents, preparation and review of the attorney’s own affirmation of services and 12 hours spent traveling to Tennessee to obtain custody of the child with the adoptive parents.
In judging the reasonableness of fees, the court relies upon the traditional principles which include the time spent, the difficulties involved in the particular matter, the nature of the services, the amount involved, the professional standing of counsel and the results obtained (Matter of Potts, 213 App Div 59, affd without opn 241 NY 593; Matter of Freeman, 34 NY2d 1). In adoption proceedings, it is likely that the court will give more consideration to the nature of the services and the difficulties involved.
The court has reviewed the affirmation of services, the entire record and has taken into account the fact that the attorney has failed to obtain the necessary Interstate Compact approval *1008 and has violated several of the court rules as set forth in this decision. Accordingly, and while the court would ordinarily approve a fee to the extent of $2,664, in view of counsel’s violation of the rules of this court and the Interstate Compact counsel’s fee is fixed in the amount of $1,500. Any sums received by counsel in excess of this amount shall be refunded to the adoptive parents with evidence of such refund filed with the court.